# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREEN OAKS, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:09CV221 LG-RHW** |
| | § | |
| **US BANK CUSTODIAN-SASS MUNI V** | § | |
| **and REBUILD AMERICA, INC.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING MOTION
## TO REMAND AND GRANTING MOTION TO AMEND/CORRECT

THE MATTER BEFORE THE COURT is the Motion to Remand [8] filed by Plaintiff, Green Oaks, LLC and the Motion [16] to Amend/Correct Notice of Removal filed by the Defendants. The Defendants have responded to the remand motion, and Plaintiff has replied. After due consideration of the record and the relevant law, it is the Court's opinion that the case was properly removed from Harrison County Chancery Court. The Motion to Remand should be denied and the Motion to Amend/Correct Notice of Removal should be granted.

### FACTS AND PROCEDURAL HISTORY

Green Oaks, LLC filed suit against US Bank Custodian-Sass Muni V and Rebuild America, Inc. to remove a cloud on title of property in Biloxi, Mississippi. The property had been sold for unpaid 2005 taxes to US Bank Custodian-Sass Muni V. US Bank thereafter conveyed the property, by Quit Claim Deed, to Rebuild America, Inc. Green Oaks, LLC unsuccessfully sought to redeem the property. At the time it filed suit, Green Oaks deposited $18,303.44 into the registry of the Harrison County Chancery Court, an amount alleged to be sufficient to pay unpaid taxes from 2005 to 2008.

The Defendants removed the case on March 19, 2009 on the basis of diversity jurisdiction. The Plaintiff filed its Motion to Remand on April 16, 2009, asserting that the

amount in controversy was the unpaid taxes, or $18,303.44, and therefore the diversity jurisdiction statute had not been satisfied. Defendants argue that the matter in controversy exceeded the sum or value of $75,000, because the matter in controversy was the property itself, and not just the unpaid taxes necessary to redeem the property. The Defendants have attached a copy of an appraisal showing the value of the property to be $955,000.

DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. The parties have established that complete diversity of citizenship exists in this matter.[1] Therefore, the only issue before the Court is whether the amount in controversy is satisfied.

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). A defendant may prove the amount in controversy by demonstrating that the claims likely exceed $75,000 in sum or value or by setting forth the facts in controversy that support a finding of the requisite amount. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). To determine whether the amount-in-controversy requirement is met, a federal court looks to the pleadings and summary-judgment evidence. *Jones v. Unknown Employees of*

---

[1] Because the citizenship of the LLC plaintiff was not affirmatively pled, the Court requested briefs on that issue. Ct. R. 13. It has now been established that the sole member of the LLC is an Alabama resident. As the defendants are citizens of Florida and Pennsylvania, complete diversity of the parties exists. The defendants will be allowed to correct their Notice of Removal to reflect the citizenship of the LLC member.

*Kerrville Bus Line*, 281 Fed. Appx. 386, 387 (5th Cir. 2008). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883.

When equitable and injunctive relief is sought "the amount in controversy is measured by the value of the object of the litigation," and "[t]he value of that right is measured by the losses that will follow." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Premier Indus. Corp. v. Tex. Indus. Fastener Co.*, 450 F.2d 444, 446 (5th Cir. 1971) ("The value to the plaintiff of the rights he is seeking to protect is the measure of jurisdiction in equity cases, even though the value of that right may not be capable of exact valuation in money."). In *Frontera Transportation Company v. Abaunza*, 271F. 199, 201 (5th Cir. 1921), the Fifth Circuit held, "where a suit is brought to clear title and set aside a deed of trust and vacate a deed executed to a purchaser, under a foreclosure, and if that was not done then to allow complainant to redeem on payment of the mortgage, debt, interest, and cost (less than the jurisdictional amount), the value of the lands, not the amount required to redeem, is the amount in controversy."

Under these precedents, the amount in controversy here is not the amount necessary to

pay the unpaid taxes and redeem the property, but the value of the property itself. The only evidence of the value provided to the Court is an appraisal showing a value of $955,000, which is well above the jurisdictional amount. Ct. R. 10-3. Accordingly, the amount in controversy requirement is established, and the Court may exercise its diversity jurisdiction over this dispute.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [8] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [16] to Amend/Correct Notice of Removal filed by the Defendants is **GRANTED**. Defendants shall immediately file their corrected notice of removal.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall submit an order lifting the stay entered in this matter on April 21, 2009.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE